## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JAMES BERMAN, CHAPTER 7 TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED ESTATE OF MICHAEL S. GOLDBERG, LLC AND MICHAEL S. GOLDBERG** | : **Case No. 3:19-cv-01533-VLB** |
| | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : |
| **SCOTT A. LABONTE; SALLY A. LABONTE; SCOTT A. LABONTE, TRUSTEE OF THE SCOTT A. LABONTE REVOCABLE TRUST; SALLY A. LABONTE, TRUSTEE OF THE SCOTT A. LABONTE REVOCABLE TRUST; SALLY A. LABONTE, TRUSTEE OF THE SCOTT A. LABONTE DYNASTY TRUST; ROLAND G. LABONTE; ROLAND G. LABONTE, TRUSTEE OF THE SCOTT A. LABONTE DYNASTY TRUST; ROLAND G. LABONTE, TRUSTEE OF THE ROLAND G. LABONTE REVOCABLE TRUST; MARILYN P. LABONTE; MARILYN P. LABONTE, TRUSTEE OF THE MARILYN P. LABONTE 2015 REVOCABLE TRUST; MARILYN P. LABONTE TRUSTEE OF THE MARILYN P. LABONTE REVOCABLE TRUST; JOSEPH W. SPARVERI, JR.; JOSEPH W. SPARVERI, JR., TRUSTEE OF THE SCOTT A. LABONTE DYNASTY TRUST; LAWRENCE J. MARKS; JULIANO & MARKS, LLC; PAUL L. BOURDEAU; and ROBERT A. LANDINO** | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| **Defendants.** | : **November 22, 2019** |
| | : |

## REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:** September 27, 2019

**Date Complaint Served:**

    a. October 2, 2019 (L. Marks, Esq.,[1] J&M);

    b. October 2, 2019 (P. Bourdeau, Esq.);

    c. October 2, 2019 (J. Sparveri, CPA);

    d. October 2, 2019 (Roland LaBonte, Marilyn LaBonte);

    e. October 2, 2019 (Scott LaBonte, Sally LaBonte); and,

    f. October 2, 2019 (R. Landino).

**Date of Defendants' Appearances:**

    a. October 7, 2019 (Mark H. Dean, Esq. on behalf of Marilyn LaBonte at Doc. No. 15);

    b. October 16, 2019 (Alfred U. Pavlis, Esq. and David R. Allen, Esq. on behalf of P. Bourdeau, Esq. at Doc. Nos. 19-20);

    c. October 17, 2019 (Antony J. Natale, Esq. on behalf of L. Marks and J&M at Doc. No. 27);

    d. October 23, 2019 (James Shearin, Esq. and Thomas S. Lambert, Esq. on behalf of Scott LaBonte and Sally LaBonte, at Doc. Nos. 28-32);

    e. October 24, 2019 (James J. Healy, Esq., James T. Cowdery, Esq., and Thomas J. Murphy, Esq. on behalf of J. Sparveri, CPA at Doc. Nos. 33-35);

---

[1] **Unless expressly defined otherwise in this report, the undersigned incorporate by reference the definitions of terms set forth in the Complaint [Doc. No. 1]. Further, unless expressly stated otherwise, references to each defendant by name includes all capacities under which such defendant is named in the Complaint.**

    f.   **October 25, 2019 (Mark H. Dean on behalf of Roland LaBonte at Doc. No. 36);**

    g.   **October 29, 2019 (Thomas J. Sansone, Esq. on behalf of R. Landino at Doc. No. 37); and**

    h.   **November 8, 2019 (David M.S. Shaiken, Esq. on behalf of Scott LaBonte and Sally LaBonte, at Doc. No. 41).**

**Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, a conference was held on October 31, 2019. The participants were:**

    a.   **James M. Moriarty, Esq. and Christopher H. Blau, Esq. for the plaintiff, Goldberg Trustee;**

    b.   **Mark H. Dean, Esq. on behalf of Marilyn LaBonte and Roland Labonte;**

    c.   **Alfred U. Pavlis, Esq. and David R. Allen, Esq. on behalf of P. Bourdeau, Esq.;**

    d.   **Antony J. Natale, Esq. on behalf of L. Marks and J&M;**

    e.   **James T. Shearin, Esq. on behalf of Scott LaBonte and Sally LaBonte;**

    f.   **James J. Healy, Esq., and Thomas J. Murphy, Esq. on behalf of J. Sparveri, CPA; and,**

    g.   **Thomas J. Sansone, Esq. and David B. Grudberg, Esq. on behalf of R. Landino.**

**I.**   **<u>Certification</u>**

**Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case;**

and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their respective clients.

II.   Jurisdiction

    a.   Subject Matter Jurisdiction

        i.   The Plaintiff's Statement

The Goldberg Trustee maintains that this Court has subject matter jurisdiction pursuant to, *inter alia*, 28 U.S.C. §1331.

        ii.   The Defendants' Statement

The defendants assert that the Court lacks subject matter jurisdiction over the Goldberg Trustee's claim for its alleged "lost debt" injury, *i.e.*, his inability to collect the judgment he obtained against Scott LaBonte.  The claim is unripe under well-established Second Circuit law.  The Second Circuit "has consistently ruled in the RICO context that claims for 'lost debt' injuries—that is, for damages in the form of an owed, but as-yet-uncollected, amount—are unripe when parallel proceedings to collect the amount owed are ongoing in another forum."  *D'Addario v. D'Addario*, 901 F.3d 80, 93 (2d Cir. 2018).  The Goldberg Trustee acknowledges that there are multiple ongoing fraudulent conveyance actions to recover assets in satisfaction of the judgment against Scott LaBonte.  Compl. ¶¶ 283-299.  Therefore, the Goldberg Trustee's lost debt claim is not ripe, and the Court lacks subject matter jurisdiction over the claim.  The defendants may also argue that the Court lacks subject matter jurisdiction over the Goldberg Trustee's claims because the Goldberg Trustee lacks standing to bring the claims on behalf of the estates'

creditors, as the claims are not property of the bankruptcy estates under 11 U.S.C. §541(a).

On November 15, 2019, the Defendants moved to stay discovery in this matter until 30 days after the Court rules on Defendants' forthcoming motions to dismiss.  Defendants submit that good cause exists to stay discovery given the meritorious grounds for dismissal of the Complaint.

### b.  Personal Jurisdiction

The Goldberg Trustee and the defendants named herein (collectively the "Defendants" and, jointly with the Goldberg Trustee, the "Parties") do not dispute that this Court may exercise personal jurisdiction over the Parties.

### III.   Brief Description of the Case

The Parties could not agree on a single description of the case. As such, the Parties respectfully provide their respective statements as follows.

### a.  The Goldberg Trustee's Claims and Description of the Case

The Goldberg Trustee alleges that the Defendants violated 18 U.S.C. §§1962(c) and 1962(d), thereby injuring the Goldberg Trustee in his business and/or property. The Goldberg Trustee's RICO claims arise out of the Defendants' efforts, which have continued for nearly a decade, to obstruct and impede the Goldberg Trustee from securing and collecting the SAL Judgment. The Defendants' conduct, as alleged in the Complaint, includes a variety of predicate acts such as obstruction of justice, concealment and fraudulent transfer of property, wire fraud and mail fraud. The Goldberg Trustee seeks damages in an amount to be proven at trial, but

which include, *inter alia*, the amount of the SAL Judgement, trebled pursuant to 18 U.S.C. §1964(c), the attorneys' fees incurred by the Goldberg Trustee as a result of the Defendants' alleged racketeering activity, also trebled pursuant to 18 U.S.C. §1964(c), and the costs and attorneys' fees incurred in prosecuting this action.

    **b.**  **The Defendants' Claims and Descriptions of the Case**

        **i.**  **Scott A. LaBonte; Sally A. LaBonte; Scott A. LaBonte, Trustee of the Scott A. LaBonte Revocable Trust; and Sally A. LaBonte, Trustee of the Scott A. LaBonte Revocable Trust**

Scott and Sally LaBonte, in both their respective individual and representative capacities, deny each and every claim against them as to liability pursuant to the RICO statute. More specifically, the LaBontes deny that any alleged fraudulent transfers or racketeering activity occurred as described in the Complaint.  Moreover, as will be outlined in detail in the forthcoming Motion to Dismiss, the Goldberg Trustee's allegations do not meet the requirements of a sufficiently pled claim for violation of the RICO statute. The Goldberg Trustee has failed adequately to plead a single predicate act of racketeering, nor has he pled the existence of an enterprise distinct from the alleged racketeering activity or from the individuals who have allegedly engaged in the fraudulent conduct. Rather, the Goldberg Trustee's claims involve discrete, potentially voidable asset transfers among parties with varying levels of involvement, if any, in each of the purported transactions.  Further, the allegations do not support a threat of continuing criminal activity, either from the an open-ended or closed-ended perspective.  There is no open-ended pattern of racketeering activity, as required by law to prove a RICO claim.  Even if the RICO claims were adequately pled, the Goldberg Trustee's claims

are barred by the applicable four-year statute of limitations and, as previously noted, to the extent that any of the claims survive a challenge based on the statute of limitations, the Goldberg Trustee's claims are not ripe, depriving this Court of subject matter jurisdiction.

      ii.  **Roland G. LaBonte; Marilyn P. LaBonte; Roland G. LaBonte, Trustee of the Scott A. LaBonte Dynasty Trust; Roland G. LaBonte, Trustee of the Roland G. LaBonte Revocable Trust; Marilyn P. LaBonte, Trustee of the Marilyn P. LaBonte 2015 Revocable Trust; and Marilyn P. LaBonte, Trustee of the Marilyn P. LaBonte Revocable Trust**

Roland G. and Marilyn P. LaBonte, in both their respective individual and representative capacities, deny each and every claim against them as to liability pursuant to the RICO statute. More specifically, they deny that any alleged fraudulent transfers or racketeering activity occurred or that they participated in the conspiracy alleged in the Complaint. They also incorporate by reference the defenses arising out of the deficiencies in the Goldberg Trustee's claims, as will be outlined in detail in the forthcoming Motion to Dismiss, and described in the position of defendants, Scott and Sally LaBonte, set forth above.

      iii.  **Joseph W. Sparveri, Jr. and Joseph W. Sparveri, Trustee of the Scott A. LaBonte Dynasty Trust**

Joseph W. Sparveri, Jr., both in his respective individual and representative capacities, denies the Goldberg Trustee's allegations. He maintains that his actions were consistent with the professional standards applicable to an accountant advising a sophisticated client and were taken at all times without any intent to engage in wrongdoing. Even before considering the merits, however, Mr. Sparveri contends that the Goldberg Trustee's baseless RICO action should be dismissed. Specifically, Mr. Sparveri will move to dismiss this case for, among

other reasons, lack of ripeness, statute of limitations, failure to properly plead the elements of a RICO claim, as well as the Goldberg Trustee's effort to sue Mr. Sparveri in a capacity that he has not held for over six years. Nor will the Goldberg Trustee be able to demonstrate that the allegations directed at Mr. Sparveri proximately caused any of the Goldberg Trustee's claimed damages. In addition to these defenses, Mr. Sparveri reserves his right to raise any other defenses presented by his co-defendants that are applicable to him, as well as any defenses that are revealed through further developments in this case.

### iv. Lawrence J. Marks and Juliano & Marks, LLC

Lawrence J. Marks ("Marks") and his firm, Juliano and Marks, LLC ("Juliano & Marks"), dispute and strenuously oppose the overreaching claims of the Goldberg Trustee, which allege that Marks was a RICO conspirator under 18 U.S.C. §1962(d). The claims alleged against him in no way implicate him as a co-conspirator, are time barred and are the subject of at least two other lawsuits to which Marks and his firm are not parties.

The alleged RICO violations of Marks and his firm are based on two distinct and narrow sets of events. The first is a series of transactions in which Marks served as counsel to several different limited liability companies, which were embroiled in hotly-contested litigation in Connecticut state court between two business associates, Robert Landino and Scott LaBonte, also defendants in this case. These two cases, *Centerplan NB, LLC v. SAL NB Investments, LLC, et al.*, No. CV-12-5036174-S, and *Centerplan Middletown LLC v. SAL Middletown LLC*, No. CV-13-6009324, both settled and, as part of the settlements, certain limited liability company interests were transferred to companies controlled by Landino. Those

transfers were supported by adequate and sufficient consideration and were made in good faith.  The Goldberg Trustee was fully apprised of this litigation and, at no point, sought to establish a right to the limited liability company interests that were transferred to Landino's companies.  Any effort to claim that Marks somehow committed a predicate RICO act or otherwise agreed to participate in that act by assisting in papering those deals is devoid of any merit.

The second transaction forming the basis of the claims against Marks concerns his role in setting up a limited liability company, DEIPM, LLC.  Efforts to attach RICO liability to Marks for his role in forming this company are equally baseless.  Marks and his firm were paid a modest fee for the formation of DEIPM. Apparently mindful of what must be proven against an alleged RICO conspirator under *Beck v. Prupis*, 529 U.S. 494 (2000)—that injuries traced to alleged RICO conspiracy under 18 U.S.C. §1962(d) be caused by an overt act that is an act of racketeering—the Goldberg Trustee, without a good faith basis, claims Marks's conduct constitutes criminal violations of 18 U.S.C. §§1343, 1502, 1503, and/or 1512.  Those claims are not supported by the allegations made, nor are they supported by any fact that is not alleged.  The reality is that Marks did not commit wire fraud, he did not commit bankruptcy fraud, and he did not obstruct justice.  All claims against Marks will therefore be made the subject of a motion to dismiss.

In addition to the legal insufficiency of the claims alleged by the Goldberg Trustee, all of those claims are also time barred under the injury discovery rule.

Finally, as to the firm of Juliano & Marks, under applicable law, vicarious liability of a corporate entity under civil RICO is available only in limited

circumstances, such as where the corporation may fairly be said to be a "central figure" in the alleged scheme.  That is clearly not the case here, and any claims against Juliano & Marks will also fail on that ground.

### v.  Paul L. Bourdeau

Paul L. Bourdeau ("Mr. Bourdeau") denies all of the Goldberg Trustee's allegations pertaining to alleged liability and damages.  Mr. Bourdeau also maintains that the Goldberg Trustee's claims are deficient as a matter of law and will be moving to dismiss the Complaint on various grounds, including, *inter alia*, (i) the alleged acts do not constitute the commission of criminal predicate acts of racketeering as defined by the RICO statute, (ii) the Complaint fails to allege the existence of an "enterprise," (iii) the alleged conduct—fraudulent conveyances to avoid a creditor—does not amount to or pose a threat of continuing criminal activity, and (iv) some or all of the Goldberg Trustee's alleged injuries are barred by the statute of limitations.  If the Complaint is not dismissed, Mr. Bourdeau intends to pursue these and other defenses on summary judgment and at trial.

Mr. Bourdeau further denies the Goldberg Trustee's claim that he conspired in any alleged racketeering activity in violation of 18 U.S.C. §1962(d).  Mr. Bourdeau is a long-standing and respected member of the Connecticut bar who provided estate planning legal services to members of the LaBonte family.  The alleged conduct by Mr. Bourdeau is entirely consistent with the provision of standard legal services in connection with certain of the alleged transactions, and he is not alleged to have any plausible motive to join a racketeering conspiracy.  Mr. Bourdeau reserves his right to raise additional defenses, including any defenses

presented by his co-defendants that are applicable to him, as well as any defenses that are revealed through further developments in the case.

### vi.  Robert A. Landino

Robert A. Landino vigorously disputes that he is, in any way, liable under the RICO statute.   In particular, he contends that the transactions in which he participated were not fraudulent, insofar as (a) adequate and sufficient consideration was exchanged for the assets being transferred and (b) at all times, he acted in good faith in the undertaking of such transfers.  Moreover, because the predicate basis for the RICO claims is that the transfers in which he participated were purportedly fraudulent, there is, likewise, no liability for his alleged violation of the RICO statute.  Furthermore, he intends to move to dismiss this case for, among other reasons, lack of ripeness, statute of limitations and failure to properly plead the elements of a RICO claim.  Likewise, he contends that the Goldberg Trustee will be unable to demonstrate that the allegations directed at him proximately caused any of the Goldberg Trustee's claimed damages.  He also reserves his right to raise any other defenses presented by his co-defendants that are applicable to him, as well as any defenses that are revealed through further developments in this case.

### IV.  Statement of Undisputed Facts

The undersigned counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. At this time, the following material facts are undisputed:

    a.  The Honorable Albert J. Dabrowski (Ret.), by order dated January 11, 2010, confirmed the election of James Berman as the Goldberg Trustee.

    b.  The Honorable Alvin W. Thompson, on September 27, 2017, entered judgment in favor of the Goldberg Trustee and against SAL in the amount of $7,241,797.52 plus 3.25% interest accruing from November 12, 2010 (plus post-judgment interest accruing at 1.31% pursuant to 28 U.S.C. §1961).

V.   **Case Management Plan**

    a.  **Initial Disclosures**

        i.  **Goldberg Trustee's Position**

The Goldberg Trustee respectfully submits that initial disclosures should have been served on or before November 15, 2019, regardless of whether any defendant intends to file a motion to stay discovery pending a decision on a to-be-filed motion to dismiss, and the Goldberg Trustee did serve his initial disclosures on November 15, 2019.   The Goldberg Trustee further submits that Initial disclosures are not onerous or costly to prepare and should not be stayed pending a decision on a motion to stay discovery. The Goldberg Trustee will oppose any motion to stay discovery, including for the reasons set forth in this Court's Notice re Motion to Dismiss.

        ii.  **The Defendants' Position**

**Initial disclosures will be served within 30 days after a ruling by the**

Court on the defendants' Motion to Dismiss this action.  The defendants' position is that the preparation and service of such Initial Disclosures is both onerous and costly, given the complexity of the Goldberg Trustee's claims, the number of parties in this action and the volume of materials involved.  Moreover, there will be no unfair prejudice caused to the Goldberg Trustee because much of the information likely to be contained in such Initial Disclosures is already in his possession, given his extensive involvement in the underlying bankruptcy case, dating back to 2009, coupled with his prosecution of several other lawsuits involving many of the defendants to this action, as described in his Complaint.

b.  <u>Scheduling Conference</u>

The Parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The Parties prefer that a scheduling conference, if held, be conducted in person.

c.  <u>Early Settlement Conference</u>

The Parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice, and further state that they engaged in an unsuccessful pre-filing mediation with the Hon. Holly Fitzsimmons in May 2019.  Settlement is unlikely at this time. The Parties do not request an early settlement conference. The Parties prefer a settlement conference, when such a conference is held, with a magistrate judge. The Parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**d.** **Joinder of Parties, Amendment of Pleadings, and Motions Addressed**
**to the Pleadings**

The Parties have discussed any perceived defects in the pleadings, and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

The Defendants intend to move to dismiss the Complaint pursuant to Fed Rule Civ. P. 12(b)(1) and 12(b)(6) on the grounds that, *inter alia*, the Trustee's claims are unripe or barred by the statute of limitations, and the Complaint fails to state a cognizable claim under the RICO statute.  The Goldberg Trustee disagrees, and the issue will be resolved through motion practice.  The Goldberg Trustee is unaware of any other perceived defects in the pleadings.

The Goldberg Trustee should be allowed until March 31, 2020 to file motions to join additional parties and until March 31, 2020 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

The Goldberg Trustee's position is that Defendants should be allowed until March 31, 2020, to file motions to join additional parties and until December 2, 2019, or such other date as the Court orders, to file a response to the Complaint, or any Amended Complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

The Defendants' position is that they should be allowed until 30 days following the Court's ruling on the defendants' Motion to Dismiss to file motions to join additional parties and until December 13, 2019, to file a response to the Complaint, or any Amended Complaint.  Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

   e. <u>Discovery</u>

Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the Parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).  At this time, the Parties wish to apprise the Court of the following information regarding the "needs of the case":

   The Parties agree that prior testimony of a party may be used in this action in a manner consistent with Fed. R. Civ. P. 32(a).  The parties' agreement regarding the use of prior testimony is solely intended to promote the just, speedy and inexpensive resolution of this action.  Nothing herein shall preclude a party from conducting depositions of parties or third-parties.

One or more of the parties hereto is(are) in possession of party and third-party documents and information that were previously produced to such party(ies), and designated as confidential pursuant to protective orders issued in the actions in which the documents and materials were produced.  The production of documents and information in this action that were previously produced to such party(ies) as confidential pursuant to a protective order shall not be a violation of

the protective order from which the confidentiality designation emanates. Likewise, documents and information produced in prior actions and designated as confidential shall maintain such confidential treatment under this Court's standing protective order with no further marking necessary.

The Goldberg Trustee anticipates that discovery will be needed on the following subjects:

1. The formation of the Enterprise to Obstruct the Goldberg Trustee.

2. Each Defendants' knowledge of the Enterprise to Obstruct the Goldberg Trustee.

3. Each Defendants' participation in the Enterprise to Obstruct the Goldberg Trustee, including details concerning the predicate acts committed by the Defendants as alleged in the Complaint, and any such other predicate acts that may have occurred.

The Defendants anticipate that discovery will be needed on the following subjects:

1. The timing and context of the Goldberg Trustee's knowledge of when conduct giving rise to the RICO claims first occurred.

2. The Goldberg Trustee's efforts and ability to collect on the judgment.

3. The alleged conduct of the participants in the transactions at issue.

4. The nature and extent of the damages claimed to have been sustained by the Goldberg Victims.

5. The basis for standing for the Goldberg Trustee to bring the present action.

f. <u>Case Schedule</u>

The parties are unable to agree on a case schedule.  On November 15, 2019, the Defendants moved to stay discovery in this matter until 30 days after the Court rules on Defendants' forthcoming motions to dismiss.  Defendants submit that good cause has been shown to stay discovery, and therefore submit that discovery should not commence until the Court rules on Defendants' motions to dismiss, or the motion to stay discovery is denied.  The Goldberg Trustee opposes the Defendants' motion to stay discovery and submits that discovery should immediately proceed.  The parties' respective positions on the case schedule are set forth below.

1. <u>Completion of Discovery</u>

a. <u>Goldberg Trustee's Position</u>

All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by November 15, 2019, and completed by December 18, 2020.

b. <u>Defendants' Position</u>

All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced within 30 days of the Court's ruling on the defendants' Motion to Dismiss, subject only to any order entered by the Court staying discovery, and completed on the first business day occurring 13 months from the date of commencement.

2.  **Phases of Discovery**

    a.  **Goldberg Trustee's Position**

Discovery will be conducted in phases, with fact discovery completed by August 14, 2020, and expert discovery to commence upon the completion of fact discovery and conclude by December 18, 2020.

    b.  **Defendants' Position**

Discovery will be conducted in phases, with fact discovery completed within ten months of the date of commencement of discovery, and expert discovery to commence upon the completion of fact discovery and concluding within 13 months from the date of commencement of discovery.

3.  **Expert Discovery**

The Goldberg Trustee intends to call expert witnesses at trial. The Defendants may call expert witnesses at trial.  The Parties are unable to agree on an expert discovery schedule.  The Parties' respective positions are set forth below.

    a.  **Goldberg Trustee's Position**

The Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by September 14, 2020.  Depositions of any such experts will be completed by December 18, 2020.

The Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on

which they do not bear the burden of proof by October 14, 2020.  Depositions of such experts will be completed by December 18, 2020.

Rebuttal expert reports, if any, shall be served within thirty (30) days after the service of the expert report that is being rebutted.

### b.  Defendants' Position

The Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof within 10 months of the date of commencement of discovery. Depositions of any such experts will be completed within one year of the date of commencement of discovery.

The Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof within 11 months of the date of commencement of discovery. Depositions of such experts will be completed within 13 months of the date of commencement of discovery.

Rebuttal expert reports, if any, shall be served within 60 days after the service of the expert report that is being rebutted.

### 4.  Damages Analysis

### a.  Goldberg Trustee's Position

A damages analysis will be provided by any party who has a claim or counterclaim for damages by June 1, 2020.

### b.  Defendants' Position

A damages analysis will be provided by any party who has a claim or counterclaim for damages within six months of the date of commencement of discovery.

**5.** **Summary Judgment Motions**

**a.  Goldberg Trustee's Position**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before January 22, 2021.

**b.  Defendants' Position**

Summary judgment motions, which must comply with Local Rule 56, will be filed within 60 days of the completion of all discovery.

**6.  Joint Trial Memorandum**

**a.  Goldberg Trustee's Position**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by January 22, 2021, or within 60 days of a ruling on a party's summary judgment motion that does not dispose of the entire case.

**b.  Defendants' Position**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 60 days of the completion of discovery or within 60 days of a ruling on a party's summary judgment motion that does not dispose of the entire case, if such a motion has been filed.

**7.  Trial Readiness**

**a.  Trustee's Position**

The case will be ready for trial by February 1, 2021, or within 30 days of a ruling on a party's summary judgment motion that does not dispose of the entire case.

### b. Defendants' Position

The case will be ready for trial 90 days after submission of the joint trial memorandum, or within 60 days of a ruling on a party's summary judgment motion that does not dispose of the entire case.

### 8. Other Scheduling Issues

The Parties are aware of no other scheduling issues at this time.

### 9. Other Discovery Matters Not In Dispute

The Parties anticipate, at this time, that the Goldberg Trustee will require a total of 15 depositions of fact witnesses, and that the Defendants will require a total of 20 depositions of fact witnesses.

The Parties will not request permission to serve more than twenty-five (25) interrogatories on each party.

Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information,

appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

1. Documents previously produced to one or more parties in prior actions between the Goldberg Trustee and certain of the Defendants will be produced in the same format as produced to such party(ies) (*e.g.*, PDF). Any such party(ies) is(are) not required to convert such previously produced documents to TIF or such other format as may be necessary to create a discovery platform load file.

2. All other documents exchanged between the Parties in this action shall be produced in a reasonably usable format.

Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization and costs of retrieval of information stored in paper or other non-electronic forms.  The parties agree to the following procedures for the preservation, disclosure and management of such information:

1. To the extent any discoverable document requested by any party during discovery in this action is held only in a non-electronic form, a true and accurate copy of such document will be produced to the requesting party, subject to this Court's standing protective order or such other orders as this Court may issue.

2. To the extent any discoverable document requested by any party during discovery in this action is held in both electronic and non-electronic form, only the electronic version shall be produced, subject to this Court's standing protective order or such other orders as this Court may issue.

Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

1. A server represented to the Goldberg Trustee to be Devcon Enterprises, Inc.'s server (the "Devcon Server") was previously produced to the Goldberg Trustee subject to a stipulation that production of the Devcon Server did not waive privilege as to any documents contained thereon.  If responsive, the Goldberg Trustee will produce the Devcon Server subject to the prior agreement regarding the waiver of privilege concerning any documents contained thereon.

2. To the extent other documents and information were produced to or by the Goldberg Trustee pursuant to clawback agreements, the Goldberg Trustee will produce the documents and information, if requested and responsive, pursuant to the terms of the clawback agreement under which the document was originally produced.

\*       \*       \*

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.


**Goldberg Trustee**

By:  _/s/ Christopher H. Blau_          Date: 11/22/19
    **Christopher H. Blau, Esq. (ct30120)**


**Scott A. LaBonte**

By:  _/s/ James T. Shearin_          Date: 11/22/19
    **James T. Shearin, Esq. (ct01326)**
      **Of Counsel, David M.S. Shaiken, Esq. (ct02297)**


**Sally A. LaBonte**

By:  _/s/ James T. Shearin_          Date: 11/22/19
    **James T. Shearin, Esq. (ct01326)**
      **Of Counsel, David M.S. Shaiken, Esq. (ct02297)**


**Scott A. LaBonte, Trustee of the Scott A. LaBonte Revocable Trust**

By:  _/s/ James T. Shearin_          Date: 11/22/19
    **James T. Shearin, Esq. (ct01326)**
      **Of Counsel, David M.S. Shaiken, Esq. (ct02297)**


**Sally A. LaBonte, Trustee of the Scott A. LaBonte Revocable Trust**

By:  _/s/ James T. Shearin_          Date: 11/22/19
    **James T. Shearin, Esq. (ct01326)**
      **Of Counsel, David M.S. Shaiken, Esq. (ct02297)**

**Sally A. LaBonte, Trustee of the Scott A. LaBonte Dynasty Trust**

By: ___*/s/ James T. Shearin*___          Date: 11/22/19
     James T. Shearin, Esq. (ct01326)
       Of Counsel, David M.S. Shaiken, Esq. (ct02297)


**Roland G. LaBonte**

By: ___*/s/ Mark H. Dean*___          Date: 11/22/19
     Mark H. Dean, Esq. (ct01935)


**Roland G. LaBonte, Trustee of the Scott A. LaBonte Dynasty Trust**

By: ___*/s/ Mark H. Dean*___          Date: 11/22/19
     Mark H. Dean, Esq. (ct01935)


**Roland G. LaBonte, Trustee of the Roland G. LaBonte Revocable Trust**

By: ___*/s/ Mark H. Dean*___          Date: 11/22/19
     Mark H. Dean, Esq. (ct01935)


**Marilyn P. LaBonte**

By: ___*/s/ Mark H. Dean*___          Date: 11/22/19
     Mark H. Dean, Esq. (ct01935)


**Marilyn P. LaBonte, Trustee of the Marilyn P. LaBonte 2015 Revocable Trust**

By: ___*/s/ Mark H. Dean*___          Date: 11/22/19
     Mark H. Dean, Esq. (ct01935)


**Marilyn P. LaBonte, Trustee of the Marilyn P. LaBonte Revocable Trust**

By: ___*/s/ Mark H. Dean*___          Date: 11/22/19
     Mark H. Dean, Esq. (ct01935)

Joseph W. Sparveri, Jr.

By:   _/s/ Thomas J. Murphy_____          Date: 11/22/19
      Thomas J. Murphy, Esq. (ct07959)
      James J. Healy, Esq. (ct28447)


Joseph W. Sparveri, Jr., Trustee of the Scott A. LaBonte Dynasty Trust

By:   _/s/ Thomas J. Murphy_____          Date: 11/22/19
      Thomas J. Murphy, Esq. (ct07959)
      James J. Healy, Esq. (ct28447)


Lawrence J. Marks

By:   __/s/ Anthony J. Natale_____          Date: 11/22/19
      Anthony J. Natale, Esq. (ct08451)


Juliano & Marks, LLC

By:   __/s/ Anthony J. Natale_____          Date: 11/22/19
      Anthony J. Natale, Esq. (ct08451)


Paul L. Bourdeau

By:   __/s/ Alfred U. Pavlis_____          Date: 11/22/19
      Alfred U. Pavlis, Esq. (ct08603)
      David R. Allen, Esq. (ct30827)


Robert A. Landino

By:   __/s/ Thomas J. Sansone_____          Date: 11/22/19
      Thomas J. Sansone, Esq. (ct00671)