UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES BERMAN, CHAPTER 7 TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED ESTATE OF MICHAEL S. GOLDBERG, LLC AND MICHAEL S. GOLDBERG, | NO. 3:19-CV-01533- (VLB) |
| Plaintiff, | |
| v. | |
| SCOTT A. LABONTE, ET AL., | |
| Defendants. | DECEMBER 13, 2019 |

## MOTION TO DISMISS BY JOSEPH W. SPARVERI, JR.

Defendant Joseph W. Sparveri, Jr., in both his individual capacity and his alleged capacity as a Trustee of the Scott A. Labonte Dynasty Trust, by his undersigned counsel, respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss the Complaint on the following grounds:

(1) The Trustee lacks standing to assert a claim against the Defendants under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., premised on post-petition conduct that did not cause injury to the debtor;

(2) The Trustee's "lost debt" claim is not ripe because his prior actions to recover assets in satisfaction of the debt have not concluded;

(3) The Trustee's lost debt claim is barred by the applicable statute of limitations;

ORAL ARGUMENT REQUESTED

1

(4)  The Trustee's claim for collection expenses incurred prior to July 28, 2015 is barred by the applicable statute of limitations;

(5)  The Trustee has failed to allege a violation of 18 U.S.C. § 1962(c);

(6)  The Trustee's allegations do not satisfy the operation and management test, as adopted by the Supreme Court of the United States in <u>Reves v. Ernst & Young</u>, 507 U.S. 170 (1993), and applied within the Second Circuit;

(7)  Because the Trustee's substantive RICO claim fails, the conspiracy count must be also dismissed, as this Court recognized in <u>In re Trilegiant Corp., Inc.</u>, 11 F. Supp. 3d 82, 108 (D. Conn. 2014) (Bryant, J.), <u>aff'd sub nom.</u>, <u>Williams v. Affinion Grp., LLC</u>, 889 F.3d 116 (2d Cir. 2018); and

(8)  The Trustee's claim against Mr. Sparveri in his alleged capacity as a Trustee of the Scott A. Labonte Dynasty Trust must also be dismissed because Mr. Sparveri does not occupy that capacity and has not held it since October 2013, and thus the allegation is both factually inaccurate and barred by the applicable statute of limitations.

The support for grounds (1) through (5) above is set forth in the Defendants' Joint Memorandum of Law in Support of their Motions to Dismiss the Complaint, which is to be filed today, and the support for grounds (6) through (8)

above is set forth in the accompanying individual memorandum of law of defendant Joseph W. Sparveri, Jr.

        Respectfully submitted,

        THE DEFENDANT,
        JOSEPH W. SPARVERI, JR.;
        JOSEPH W. SPARVERI, JR.,
        TRUSTEE OF THE SCOTT A.
        LABONTE DYNASTY TRUST

By:  //s// Thomas J. Murphy (ct07959)
     Thomas J. Murphy
     James J. Healy
     Cowdery & Murphy, LLC
     280 Trumbull Street
     Hartford, CT 06103
     (860) 278-5555 Office
     tmurphy@cowderymurphy.com
     jhealy@cowderymurphy.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 13, 2019, a copy of the foregoing Appearance was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                                             //s// Thomas J. Murphy (ct07959)
                                                                             Thomas J. Murphy