**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JAMES BERMAN, CHAPTER 7 TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED ESTATE OF MICHAEL S. GOLDBERG, LLC AND MICHAEL S. GOLDBERG<br><br>Plaintiff,<br><br>v.<br><br>SCOTT A. LABONTE, ET AL.,<br><br>Defendants. | Case No. 3:19-cv-01533-VLB<br><br><br><br><br><br><br><br><br><br><br><br>January 31, 2020 |

**THE GOLDBERG TRUSTEE'S EMERGENCY AMENDED SECOND OMNIBUS MOTION ON CONSENT FOR EXTENSION OF TIME TO <u>RESPOND TO DEFENDANTS' MOTIONS TO DISMISS</u>**

Pursuant to D. Conn. L. Civ. R. 7(b) and 7(a)(6), the plaintiff, James Berman, Chapter 7 Trustee for the substantively consolidated bankruptcy estates ("Bankruptcy Estate") of the debtors, Michael S. Goldberg, LLC, d/b/a Acquisitions Unlimited Group, and Michael S. Goldberg (the "Trustee"), by and through his undersigned counsel, respectfully submits this emergency amended motion ("Amended Motion for Extension of Time") for extension of time seeking a twenty-four (24) day extension—from February 3, 2020, through and including February 27, 2020—to respond to each of defendants' motions to dismiss filed December 13, 2020, specifically: Docket Index ("D.I.") 51 (Marilyn P. LaBonte and Roland G. LaBonte, individually and in various trustee capacities), D.I. 52 (Paul L. Bourdeau), D.I. 53 (Scott A. LaBonte, individually and as trustee of the Scott A. LaBonte Revocable Trust), D.I. 54 (Sally A. LaBonte, individually and in various

1

trustee capacities), D.I. 55 (Robert A. Landino), D.I. 56 (Lawrence J. Marks and Juliano and Marks, LLC), and D.I. 57 (Joseph W. Sparveri, Jr., individually and as trustee of the Scott A. LaBonte Dynasty Trust) (collectively, the "Motions to Dismiss").

## Introduction

The Trustee filed his original Second Motion for Extension of Time on January 23, 2020. (D.I. 64). That Motion was denied by Order of this Court dated January 30, 2020, because the Trustee did not "explain[] why the initially requested extension was insufficient." (D.I. 65). The Trustee and his counsel sincerely apologize for not having fully explained the extenuating and intervening circumstances justifying a further extension and the Trustee hereby respectfully submits his Amended Motion for Extension of Time to provide such full explanation.

## Legal Standard

D. Conn. L. Civ. R. 7(b)(1) provides that motions for extension of time "will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." Furthermore, the Supreme Court has described "good cause" as "'necessity or justification,' where 'denial would unduly prejudice the preparation of petitioner's case,' or 'cause hardship or injustice.' *Hickman v. Taylor*, 329 U.S. 495, 509-10 (1947), 67 S. Ct. 385, 91 L. Ed. 451." *United States v. $10,160.00 in United States Currency*, Docket No. 3:11-cv-1612 (VLB), 2012 U.S. Dist. LEXIS 118661, at *9 (D. Conn. Aug. 22,

2012). "The Second Circuit has emphasized that 'the primary consideration' in determining whether good cause has been shown 'is whether the moving party can demonstrate diligence.'" *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)." *Odom v. Matteo*, 772 F. Sup. 2d 377, 405 (D. Conn. 2011) (stating that, "[a]t a minimum, good cause requires a showing by the moving party of an objectively sufficient reason for extending a deadline such that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. The inquiry focuses on the moving party's reason for requesting the extension").

## Basis for Relief

As more fully explained below, the Trustee respectfully submits that he and his counsel acted diligently in attempting to meet the current deadline of February 3, 2020. As he also explains herein, certain intervening and extenuating circumstances occurred which necessitate additional time. In the absence of such extension, the Trustee and the Bankruptcy Estate for which he serves as well as its creditors will suffer extreme prejudice. Thus, the Trustee submits that he has demonstrated good cause to justify the requested extension of time.

The Trustee commenced this action on September 27, 2019, and served his complaint via waivers on October 2, 2019 (the Trustee provided courtesy copies of the as-filed complaint to all defendants through their counsel on September 27). Each defendant thereafter had sixty (60) days from October 2 (65 days from September 27), until December 2, 2019, to respond to the Complaint. On November 26, 2019, all defendants moved for an extension of time to respond to

the Complaint, through and including December 13, 2019, to which the Trustee consented. (D.I. 47). The Court granted the defendants' motion by order dated December 2, 2019. (D.I. 49).

On December 13, 2019, seventy-one (71) days after the Trustee served the complaint, defendants collectively filed six (6) Motions to Dismiss. In support of the Motions to Dismiss, defendants filed six (6) memoranda of law, including a fifty-nine (59) page joint memorandum of law (applicable to all defendants) that includes fourteen (14) discrete arguments. (D.I. 58). In addition: (i) defendants Lawrence Marks and Juliano & Marks, LLC filed a twenty (20) page supporting memorandum with arguments unique to them, (D.I. 56-1); (ii) defendant Sally LaBonte filed a twenty (20) page supporting memorandum with arguments unique to her, (D.I. 54-1); (iii) defendant Paul Bourdeau filed a nineteen (19) page supporting memorandum with arguments unique to him; (D.I. 52-1); (iv) defendant Robert Landino filed a sixteen (16) page supporting memorandum with arguments unique to him (D.I. 55-1); and (v) defendant Joseph Sparveri filed a fifteen (15) page supporting memorandum with arguments unique to him. (D.I. 57-1).

The Trustee's responses to the Motions to Dismiss were initially due on January 3, 2020, immediately after the December holidays and the New Year. By December 18, 2019 (five (5) days after counsel's receipt of the Motions to Dismiss), the Trustee's counsel had concluded that an extension of time would be necessary due to the sheer length of the legal memoranda and his and his counsel's preliminary review thereof. However, they had not yet had time to

digest the magnitude and complexity of the dozens of legal arguments raised in the collective one hundred and forty-nine (149) pages of the defendants' legal memoranda. Nonetheless, the Trustee's counsel did not believe that it was prudent to delay further seeking an extension in light of the upcoming major holidays beginning on December 22 and continuing through December 31, the potential that this Court would be short-staffed during this time, and the January 3 deadline immediately after the New Year. Accordingly, on December 18, 2019, the Trustee moved for the first thirty (30) day extension of time to respond to the Motions to Dismiss (D.I. 59)

Moreover, between December 13 (the date on which the defendants had filed the Motions to Dismiss), and December 18 (the date on which the Trustee had filed his first Motion for an Extension of Time to respond to the Motions to Dismiss), counsel's ability to digest fully the defendants' legal memoranda was further limited, because they were diligently preparing a response to defendants' Motion to Stay Discovery and their supporting thirty-six (36) page legal memoranda (D.I. 43-1), which the Trustee filed at approximately 5:11 pm on December 20, 2019 (D.I. 61), the Friday leading into the holiday week. Thus, on December 18, 2019, the Trustee's counsel exercised the best judgment that they could, based on the information they had been able to digest by that time, and moved for a thirty (30) day extension of time to respond to the Motions to Dismiss, which the Court granted on December 19, 2019. (D.I. 59, 60).

While subsequently analyzing and researching the issues raised by the Motions to Dismiss and preparing responses, and in addition to timely filing his

**Memorandum in Opposition to the Motion to Stay Discovery, the Trustee's counsel also had to address separate motions related to stays of certain fraudulent transfer cases presently pending before the Hon. Julie Manning in Bankruptcy Court (*James Berman, Trustee v. Robert A. Landino, et. al.*, Adv. Pro. No. 16-02042(JAM) or the "Landino Action," and *James Berman, Trustee v. DEI Property Management, LLC*, Adv. Pro. No. 17-02029 (JAM) or the "DEIPM Action") and the Hon. Alvin Thompson in District Court (*James Berman, Trustee v. Sally LaBonte, et al.*, 3:15-cv-01687(AWT) or the "SALDT Action," and collectively with the Landino Action and the DEIPM Action, the "Fraudulent Transfer Cases"). The Fraudulent Transfer Cases arise out of intentional fraudulent transfers made by certain defendants in this action to obstruct, hinder, and defraud the Trustee from collecting the debt that the Trustee alleges in this action is now lost due to defendants' pattern of racketeering.**

**On January 6, 2020, following a hearing, Judge Thompson entered an order lifting the stay that had been in place in the SALDT Action since January, 2019. (SALDT Action, D.I. 120). That order required the Trustee and his counsel to immediately expend significant time and resources analyzing whether to seek authority from the Bankruptcy Court to move to dismiss the Fraudulent Transfer Actions—in light of the Trustee's determination that he had been successfully thwarted in his efforts to collect the $7.2 million judgment that he had obtained against Scott A. LaBonte, and that the continued prosecution of the Fraudulent Transfer Actions would be futile (which position the Trustee has repeatedly explained in various contexts over the past year or more, and specifically alleged**

6

in the Trustee's complaint as an element of this action).

This decision was particularly important and time sensitive in light of the Trustee's duty to expend the Bankruptcy Estate's resources as efficiently as possible; resources that had been almost entirely exhausted due in large part to the defendants' conduct in obstructing the Trustee's efforts to enforce, first, the debt due from and, then, the judgment against Scott A. LaBonte. Based on these recent developments and the Trustee's counsel's resulting analysis shortly after January 6, 2020, the Trustee's counsel commenced preparing a motion to the Bankruptcy Court for authority to move to dismiss the Fraudulent Transfer Actions pursuant to Section 363(b)(1) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1530. Thereafter, the Trustee's counsel has continued working diligently to prepare his oppositions to the Motions to Dismiss while preparing a motion with the Bankruptcy Court for authority to move to dismiss the Fraudulent Transfer Cases.

During December, 2019, and January, 2020, the Trustee's counsel has spent more than 330 hours of attorney time responding to the Motion to Stay Discovery and the Motions to Dismiss, and addressing issues that arose in the Fraudulent Transfer Cases.[1] In the time period that elapsed since the Trustee filed his first Motion for Extension of Time (D.I. 59) to respond to the Motions to Dismiss, the Trustee's counsel has more fully digested the many issues raised in the six Motions to Dismiss while working diligently to protect the Bankruptcy

---

[1] Since the bankruptcy estate's assets have been largely exhausted, the Trustee requested and his counsel, Zeisler & Zeisler, P.C., agreed to prosecute the instant action on a contingency basis, which term of retention the Bankruptcy Court approved on August 2, 2019. In re Michael S. Goldberg, LLC, et al., Case No. 09-23370, D.I. 1753.

Estate's interests as effectively and efficiently as possible. As evidenced by the Trustee's and his counsel's significant dedication of time and resources since the defendants filed their Motions to Dismiss and the difficult circumstances under which the Trustee initially sought his first Motion for an Extension of Time, the Trustee and his counsel have not been dilatory in attending to the numerous related matters described herein.

The Trustee filed the Second Motion for Extension of Time (D.I. 64) to respond to the Motions to Dismiss promptly once he determined that his counsel required more time to adequately respond to the Motions to Dismiss. Nonetheless, the Trustee's counsel has continued working diligently to progress his responses to the Defendants' six (6) memoranda of law. For these reasons, the Trustee respectfully seeks a twenty-four (24) day extension of time to respond to the Motions to Dismiss, through February 27, 2020.

### Prior Request

This is the Trustee's second, albeit amended, request for an extension of time with respect to the foregoing time limitation. The Trustee respectfully submits, in compliance with D. Conn. L. Civ. R. 7(b)(3), that he filed this Amended Motion for Extension of Time as soon as possible following this Court's denial of the Second Motion for Extension of Time at approximately 7:00 p.m. on January 30, 2020.

### Defendants' Consent

Pursuant to D. Conn. L. Civ. R. 7(b)(2), the Trustee inquired of counsel of record for all non-moving parties to ascertain the non-moving parties' position on

the Trustee's requested extension of time. Counsel of record for each of the non-moving parties consents to the requested extension of time.

### Expedited Consideration

Pursuant to D.Conn.L.Civ.R. 7(a)(6), the Trustee requests expedited consideration of his Amended Motion for Extension of Time because the deadline sought to be extended is Monday, February 3, 2020, three calendar days and one business day from the date of the filing of this motion. The Trustee initially moved for an extension of time on January 23, 2020, and filed this Amended Motion within fifteen (15) hours of the issuance of the Court's Order denying the January 23 motion. Thus, the Trustee submits that expedited consideration of the Amended Motion for Extension of Time is warranted.

### Request for Status Conference

To the extent the above-recited information is insufficient for the Court to grant the requested twenty-four (24) day extension of time, counsel for the Trustee respectfully requests that the Court conduct an emergency telephonic status conference on January 31, 2020, so that counsel can address any questions or concerns that the Court may have.

### Conclusion

For the reasons set forth herein, the Trustee respectfully submits that good cause exists to grant the requested twenty-four (24) day extension of time to respond to the Motions to Dismiss.

**Dated at Bridgeport, Connecticut, this 31st day of January, 2020.**

                                 **JAMES BERMAN, CHAPTER 7 TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED ESTATE OF MICHAEL S. GOLDBERG, LLC AND MICHAEL S. GOLDBERG**

                                 By: *James M. Moriarty*
Aaron A. Romney (ct28144)
James M. Moriarty (ct21876)
Christopher H. Blau (ct30120)
ZEISLER & ZEISLER, P.C.
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Tele: (203) 368-4234
Fax: (203) 367-9678
Email: jmoriarty@zeislaw.com
cblau@zeislaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2020, a copy of the foregoing Amended Second Motion for Extension of Time was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: *James M. Moriarty*
James M. Moriarty (ct21876)
ZEISLER & ZEISLER, P.C.
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Tele: (203) 368-4234
Fax: (203) 367-9678
Email: jmoriarty@zeislaw.com