**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____

| | | |
|---|---|---|
| JAMES BERMAN, CHAPTER 7 TRUSTEE FOR | : | Case No. 3:19-cv-01533-VLB |
| THE SUBSTANTIVELY CONSOLIDATED | : | |
| ESTATE OF MICHAEL S. GOLDBERG, LLC | : | |
| AND MICHAEL S. GOLDBERG | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SCOTT A. LABONTE; ET AL. | : | |
| | : | |
| Defendants. | : | February 28, 2020 |
| | : | |

_____

**THE TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION**
**TO JOSEPH W. SPARVERI, JR.'S INDIVIDUAL MOTION TO DISMISS**

**ORAL ARGUMENT REQUESTED**

## Table of Contents

I.   INTRODUCTION AND FACTUAL ALLEGATIONS ................................................. 1

II.  APPLICABLE STANDARD .................................................................................. 1

III. ARGUMENT ....................................................................................................... 1

    A.   The Applicable *Reves* Test. ........................................................................ 2

    B.   Sparveri Operated and Exercised Control Over the Enterprise in his

    Capacity as a SALDT Trustee ........................................................................ 3

    C.   Sparveri Exercised Discretion Over the Enterprise ..................................... 5

    D.   Sparveri and SAL Were Bound by a Common Purpose ............................... 8

    E.   The Trustee may Sue Sparveri as a Trustee of the SALDT ........................... 8

    F.   RICO Conspiracy Allegations Against Sparveri. ......................................... 10

IV.  CONCLUSION .................................................................................................. 10

i

## Table of Authorities

**Cases**

*Baisch v. Gallina*, 346 F.3d 366 (2d Cir. 2003) ........................................................ 6, 7

*Bankers Trust Co. v. Rhoades*, 859 F.2d 1096 (2d Cir. 1988)..................................... 9

*BC Liquidating, LLC v. Weinstein (In re. BC Funding, LLC)*, 519 B.R. 394 (Bankr. E.D.N.Y. 2014) ...................................................................................................... 5

*De Falco v. Bernas*, 244 F.3d 286 (2d Cir. 2001) ..................................................... 5

*First Capital Asset Mgmt.* v. *Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004) ............... 3

*Handeen v. Lemaire*, 112 F.3d 1339 (8th Cir. 1997)................................................... 7

*Hayden v. Paul, Weiss, Rifkind, Wharton & Garrison*, 955 F. Supp. 248 (S.D.N.Y. 1997) ...................................................................................................................... 7

*In re Trilegiant Corp.*, 11 F. Supp. 3d 82 (D. Conn. 2014) ...................................... 10

*Koch v. Christie's Intern'l. Public Ltd. Co.*, 699 F.3d 141 (2d Cir. 2012)................... 9

*Lavastone Capital LLC v. Coventry First LLC*, 2015 U.S. Dist. LEXIS 56 (S.D.N.Y, April 21, 2015) ...................................................................................................... 3

*Napoli v. United States*, 45 F.3d 680 (2d Cir. 1995)............................................... 6, 7

*Related Cos., L.P. v. Ruthling*, 2017 U.S. Dist. LEXIS 207857 (S.D.N.Y. Dec. 15, 2017) ..................................................................................................................... 8

*Reves v. Ernst & Young*, 507 U.S. 170 (1993)................................................ 2, 4, 5, 7

*Rosenshein v. Jeffrey Meshel*, 688 F. App'x 60 (2d Cir. 2017)................................... 9

*Safepath Sys. LLC v. New York City Dep't of Educ.*, 563 Fed. Appx. 851 (2d Cir. 2014) ...................................................................................................................... 3

*Spitzer v. Abdelhak*, 1999 U.S. Dist. LEXIS 19110 (E.D. PA, Dec. 15, 1999)............. 5

*United States v. Allen*, 155 F.3d 35 (2d Cir. 1998)..................................................... 3

*United States v. Diaz*, 176 F.3d 52 (2d Cir. 1999) .................................................... 6

*United States v. Enix*, 2019 U.S. Dist. LEXIS 145957 (W.D.N.Y. Aug. 26, 2019)........ 4

**Statutes**

18 U.S.C. § 1962(c) ................................................................passim

18 U.S.C. § 1962(d) ......................................................................... 10

**Rules**

D. Conn. L. Civ. R. 7(a)...................................................................... 1

Pursuant to D. Conn. L. Civ. R. 7(a) and this Court's Pretrial Preferences, the plaintiff, James Berman, Chapter 7 Trustee for the substantively consolidated bankruptcy estates of the debtors, Michael S. Goldberg, LLC, d/b/a Acquisitions Unlimited Group, and Michael S. Goldberg (the "Trustee"), by and through his undersigned counsel, respectfully submits his Memorandum of Law in Opposition to Joseph W. Sparveri, Jr.'s ("Sparveri") December 13, 2019, Individual Motion to Dismiss [Doc. No. 57] (the "Sparveri Motion").

## I.    INTRODUCTION AND FACTUAL ALLEGATIONS

The Trustee incorporates by reference the factual allegations set forth in his Main Memorandum of Law in Opposition to Defendant's Joint Memorandum of Law in Support of Defendants' Motions to Dismiss the Complaint (the "Plaintiff's Main Memorandum"), filed contemporaneously herewith. Unless expressly defined otherwise, the Trustee also incorporates by reference the definitions set forth in Plaintiff's Main Memorandum and September 27, 2019, complaint (the "Complaint").

## II.    APPLICABLE STANDARD

Sparveri moves to dismiss the claims asserted against him in the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The Trustee incorporates by reference his statement of the applicable standard under Rule 12(b)(6) set forth in the Plaintiff's Main Memorandum.

## III.    ARGUMENT

The gravamen of the Sparveri Motion is that the Complaint merely alleges

that Sparveri provided accounting services to the LaBonte Family, and, therefore, he is not liable under RICO as a matter of law. Sparveri ignores that the Complaint alleges multiple actions that he undertook as a SALDT trustee that demonstrate his operation and control of the Enterprise to Obstruct the Goldberg Trustee (the "Enterprise"). Sparveri also ignores that he exercised substantial discretion in effectuating his operation and control of the Enterprise. Indeed, Sparveri barely attempts to apply the authority concerning an individual's operation or control of a RICO enterprise — on which he purports to rely — to the Complaint's allegations. Instead, Sparveri obfuscates the issue by applying this authority to a generic outside accounting professional. Because the Complaint, read *in toto*, comprehensively alleges Sparveri's operation and control of the Enterprise as well as his conspiratorial acts in furtherance of the Enterprise, the Court should deny the Sparveri Motion.

### A. The Applicable *Reves* Test.

Sparveri principally argues that the Complaint fails to allege his "operation and control" of the Enterprise, as defined under *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). *Reves* held that to be liable under 18 U.S.C. § 1962(c) as a RICO enterprise participant, a defendant has to play "*some* part in directing the enterprise's affairs." *Reves*, 507 U.S. at 179 (emphasis in original). It is "clear that RICO liability is not limited to those with primary responsibility for the enterprise's affairs [or] a formal position in the enterprise." *Id*. To be liable under section 1962(c), one must simply "participate[] in the operation or management of the enterprise itself." *Id*. at 183.

Significantly, in the Second Circuit, "the 'operation or management' test typically has proven to be a relatively low hurdle for plaintiffs to clear… especially at the pleading stage…." *First Capital Asset Mgmt.* v. *Satinwood, Inc.*, 385 F.3d 159, 176 (2d Cir. 2004). *See Lavastone Capital LLC v. Coventry First LLC*, Civil Action Nos. 14-cv-7139 (JSR), 14-cv-7967 (JSR), 2015 U.S. Dist. LEXIS 56855, *24 (S.D.N.Y, April 21, 2015) (denying motion to dismiss RICO claim because the plaintiff plead operation or management "by alleging facts that indicate each defendant took *some* part in the operation or management of the RICO Enterprise") (emphasis added). Moreover, "the question whether [a] defendant 'operated or managed' the affairs of an enterprise [is] essentially one of fact." *First Capital Asset Mgmt.*, 385 F.3d at 176, *citing United States v. Allen*, 155 F.3d 35, 42-43 (2d Cir. 1998). Questions of fact should not be decided on a motion to dismiss for failure to state a claim. *See Safepath Sys. LLC v. New York City Dep't of Educ.*, 563 Fed. Appx. 851, 857 (2d Cir. 2014).

## B. Sparveri Operated and Exercised Control Over the Enterprise in his Capacity as a SALDT Trustee

Sparveri served as an "accountant to the LaBonte Family and to certain entities that they dominate and control" *but he was also* the only "non-insider trustee of the SALDT." (Compl., at ¶18). As a SALDT trustee, Sparveri co-managed a dynasty trust that operated abnormally and "extremely active[ly]" in that the SALDT was a vehicle to shield SAL's assets while allowing SAL to treat the Dynasty Account as "the family checking account." (*Id.*, at ¶¶118-19).

Sparveri participated in the RICO Meeting, where he, SAL, SAL's trusts and estates attorney, and another SALDT trustee conceived the Enterprise. (Compl., at

¶63). Sparveri admitted during a deposition that the RICO Meeting Participants conducted the RICO Meeting to coordinate a plan to protect SAL's assets from the Trustee, including transferring his assets to the SALDT. (*Id.*, at ¶¶66-67). Sparveri's development of the Enterprise through his participation in the RICO Meeting alone establishes Sparveri's operation and control over the Enterprise sufficiently to defeat the Sparveri Motion. *See United States v. Enix*, Civil Action No. 1:15-CR-00142 EAW, 2019 U.S. Dist. LEXIS 145957, at *39 (W.D.N.Y. Aug. 26, 2019) ("participation in planning or organizing" indicates a leadership or organizational role in an enterprise), *quoting* U.S.S.G. § 3B1.1 Application Note 4.

Following the RICO Meeting, Sparveri directed "the [E]nterprise's affairs" as a SALDT trustee, underscoring his operational and management role therein. *Reves*, 507 U.S. at 179. Sparveri accepted and assumed the Fraudulently Transferred Interests on the SALDT's behalf (Compl., at ¶¶74-77), issued (along with the other SALDT trustees) the 2010 Note that created the fictitious illusion that SAL provided consideration to the SALDT for the Fraudulently Transferred Interests and an aura of legitimacy to the Dynasty Trust Transfers, (*Id.*, at ¶¶89-91, 97), issued (along with the other SALDT trustees) a Restated 2006 Note, which originally matured in 2015, to extend its maturity by an additional 25 years solely to prevent the Goldberg Trustee from recovering any value from it, (*Id.*, at ¶¶92, 94-96),[1] and misrepresented to other members of the companies in which SAL had owned the Fraudulently Transferred Interests (with whom Sparveri also had relationships) the purpose of the Dynasty Trust Transfers. (*Id.*, at ¶¶80-81). Sparveri

---

[1] Sparveri drafted the Restated 2006 Note and colluded with others to develop the 2010 Note's terms. (Compl., at ¶¶89-91, 95).

undertook all of these actions as a trustee of the SALDT (*i.e.,* a person controlling a non-natural participant), not as an accountant to the Enterprise. (*Id.,* at ¶18).

Sparveri's control over the SALDT, with knowledge of its fraudulent purpose, establishes his operation and control over the Enterprise. *See De Falco v. Bernas*, 244 F.3d 286, 310 (2d Cir. 2001) (town supervisor who used his position to delay planning approvals and influence the municipal taxing authority to further a RICO Enterprise operated and controlled the enterprise within the meaning of Section 1962(c)); *see also Spitzer v. Abdelhak*, Civil Action No. 98-6475, 1999 U.S. Dist. LEXIS 19110, at *15-*16 (E.D. PA, Dec. 15, 1999) ("Liability under § 1962(c) is not limited to those with primary responsibility for the enterprise's affairs . . . the level of [their] participation need not be substantial"), *citing Reves*, 507 U.S. at 179; *BC Liquidating, LLC v. Weinstein (In re. BC Funding, LLC)*, 519 B.R. 394, 421 (Bankr. E.D.N.Y. 2014) (accountant and accounting firm exercised operation and control over enterprise where they "created and conveyed false financial statements to make [the entity at the center of the enterprise] appear more profitable and to spur further investment").

### C. Sparveri Exercised Discretion Over the Enterprise

Sparveri exercised discretionary authority to carry out the Enterprise's objectives as a SALDT trustee and the LaBonte Family accountant. Sparveri exercised such discretionary authority when he, along with SAL, undervalued the Fraudulently Transferred Interests when SAL transferred them to the SALDT, (Compl., at ¶¶82-84), diverted income from the SALDT to SAL after effectuating the Dynasty Trust Transfers, (*Id.,* at ¶¶107-08), and arbitrarily, and in his unfettered discretion, applied payments from the SALDT made for SAL's benefit as set-offs to

reduce the SALDT's obligations to SAL under the Notes thereby ensuring that the Trustee could not attach any actual payments made to SAL on the Notes (no actual payment were ever made). (*Id.*, at ¶¶126-27). Sparveri's discretion to control how and when to set-off the Notes was a centerpiece of the Enterprise until mid-October 2013, when Sparveri resigned as a SALDT trustee after the Trustee served him with an order related to the PJR that garnished the Notes. (*Id.*, at ¶128).

Sparveri's discretion in controlling the Enterprise establishes his liability as a primary RICO participant. In *Baisch v. Gallina*, 346 F.3d 366 (2d Cir. 2003), an individual who "recruit[ed] financing for the enterprise, obtain[ed] bonds and insurance coverage, issu[ed] false insurance certificates, conceal[ed] … deceptive payroll practices, and represent[ed] the [defendants] in meetings with [the plaintiff]" exercised sufficient discretionary authority to establish liability under section 1962(c). *Id.* at 376, *citing United States v. Diaz*, 176 F.3d 52, 93 (2d Cir. 1999) (one is liable under RICO if he or she has "discretionary authority in carrying out the instructions of the [conspiracy's] principals")). In *Napoli v. United States*, the Second Circuit affirmed Section 1962(c) convictions against private investigators because they "exercised broad discretion" to tamper with evidence to further the enterprise—in that case a law firm. *Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995).

Sparveri *does not dispute* that "a professional whose actions … demonstrate a direct and independent role in the affairs of a RICO enterprise[]" operates and controls the enterprise within the meaning of Section 1962(c). *See* Memorandum of Law in Support of Motion to Dismiss of Joseph W. Sparveri, Jr. ("Sparveri Memo."),

at 8, *citing Napoli*. Sparveri *cannot dispute* that his discretion and authority to engage in the conduct described above including, *inter alia*, causing the SALDT to accept and assume the Dynasty Trust Transfers, directing a Devcon employee to pay income owed to the SALDT directly to SAL, and determining how and when to reduce the balance owed to SAL under the Notes transgressed the ordinary provision of accounting services by an outside professional. (Compl., at ¶¶74-77, 88, 108, 126-127). It is precisely the type of "direct and independent role" that triggers liability under section 1962(c), as confirmed by *Napoli* and *Baisch*.

Relying on *Hayden v. Paul, Weiss, Rifkind, Wharton & Garrison*, 955 F. Supp. 248 (S.D.N.Y. 1997), Sparveri argues that he did not exercise the necessary operation or control required for the Trustee to establish his liability under section 1962(c). *Hayden* states the unremarkable proposition that an accountant is not liable under RICO for merely providing "professional services" "to a racketeering enterprise." *Id.* at 254 (preparing audited financial statements knowing that they contained misrepresentations is not operation and management of a RICO enterprise). However, Sparveri exercised much more control than an ordinary accountant. Indeed, as detailed in the Complaint and herein, as Trustee, Sparveri legally controlled the SALDT, which was the Enterprise's centerpiece for years, he and others conceived of the Enterprise at the RICO Meeting, and his discretionary actions implemented and achieved the Enterprise's purpose. *See Handeen v. Lemaire*, 112 F.3d 1339, 1349 (8th Cir. 1997) ("Neither *Reves* nor RICO itself exempts professionals, as a class, from the law's proscriptions, and the fact that a defendant has the good fortune to possess the title 'attorney at law' [or CPA] is,

standing alone, completely irrelevant to the analysis dictated by the Supreme Court."). For these reasons, the Trustee has alleged that Sparveri operated and controlled the Enterprise within the meaning of § 1962(c).

### D. Sparveri and SAL Were Bound by a Common Purpose

Even if Sparveri had not exercised discretionary authority in his operation and control of the Enterprise, he would still be liable under section 1962(c) because he and SAL shared a common purpose and they worked together to advance the Enterprise's goals. *See Related Cos., L.P. v. Ruthling*, Civil Action No. 17-cv-4175, 2017 U.S. Dist. LEXIS 207857, at *55-56 (S.D.N.Y. Dec. 15, 2017) (accountant who falsified accounting statements and wrongfully obstructed plaintiff's access to records violated section 1962(c) because he "worked to advance the goals of the enterprise and to defraud plaintiffs" with others who shared the "common purpose" of defrauding the plaintiffs). Similar to the accountant in *Ruthling,* Sparveri colluded with SAL to artificially depress the Fraudulently Transferred Interests' value (Compl., at ¶¶82-88) and then "refus[ed] to comply with subpoenas and court orders" to obstruct the Trustee from discovering the SALDT's fraudulent purpose. (*Id.*, at ¶116).

### E. The Trustee may Sue Sparveri as a Trustee of the SALDT

Sparveri cites no authority to suggest that the Trustee cannot sue him in his capacity as a trustee of the SALDT simply because Sparveri no longer holds that position. (Sparveri Memo., at 12-14). Sparveri also has no basis to argue that the Trustee's claims against him in his capacity as a trustee of the SALDT are time barred. (*Id.*). As discussed in greater detail in the Plaintiff's Main Memorandum, the

Trustee's lost debt-based RICO claim did not accrue until the SAL Judgment became enforceable on October 27, 2017, thirty days after Judge Thompson entered the SAL judgment on September 27, 2017. The Trustee also has a claim for damages based on the attorneys' fees and costs that he incurred as a result of the Defendants' predicate acts, which the Trustee became "obligated to pay" no earlier than November 12, 2015. *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1105 (2d Cir. 1988).

"RICO claims are subject to a four-year statute of limitations." *Koch v. Christie's Intern'l. Public Ltd. Co.*, 699 F.3d 141, 148 (2d Cir. 2012). "The timeliness of a civil RICO claim depends on a twin determination of (1) when the plaintiff sustained the alleged injury for which he seeks redress, and (2) when the plaintiff discovered or should have discovered the injury, with the latter date triggering the four-year statute of limitations." *Rosenshein v. Jeffrey Meshel*, 688 F. App'x 60, 62 (2d Cir. 2017). The Trustee filed the Complaint on September 27, 2019—well within four years from when (i) Plaintiff's lost debt claim became ripe on October 27, 2017, and (ii) the Trustee became obligated to pay the attorney's fees and costs that he claims as damages in this action, on November 12, 2015. The fact that Sparveri is no longer a trustee of the SALDT is irrelevant to the statute of limitations governing the Trustee's RICO claims.

Because Sparveri provides no basis to dismiss the Trustee's claims against him in his capacity as a trustee of the SALDT, based on the statute of limitations or otherwise, the Court should deny the Sparveri Motion.

F.  **RICO Conspiracy Allegations Against Sparveri.**

The sole ground upon which Sparveri argues that the Court should dismiss the RICO conspiracy claim is that the Trustee has failed to allege a substantive RICO claim against any of the Defendants. In other words, Sparveri does not allege that the Trustee has failed to allege Sparveri's liability under Section 1962(d) if the Complaint alleges a RICO claim under Section 1962(c). (Sparveri Memo., at 11-12).

The Goldberg Trustee does not dispute that Sparveri is liable under Section 1962(d) only if the Goldberg Trustee has sufficiently pled an underlying violation of Section 1962(c). *See In re Trilegiant Corp.*, 11 F. Supp. 3d 82, 108 (D. Conn. 2014). However, for the reasons set forth herein and in the Trustee's other memoranda of law in opposition to the Defendants' motions to dismiss filed contemporaneously herewith, the Trustee has sufficiently alleged a primary RICO violation under Section 1962(c), and, at minimum, that Sparveri conspired with other Defendants to further the Enterprise. Therefore, the Court should deny the Sparveri Motion to the extent it seeks the dismissal of the Trustee's Section 1962(d) RICO conspiracy claim against him.[2]

IV.    **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court deny Sparveri's Motion to Dismiss in its entirety and grant the Trustee such other and further relief that the Court deems just and proper.

---

[2] Sparveri purports to "adopt[] any arguments made by his co-defendants, to the extent any such arguments would also warrant dismissal of the Trustee's claims against him." Sparveri Memo, at 15, n. 4. The Trustee respectfully submits that he is not required to respond to arguments particular to Sparveri that Sparveri has not asserted.

**JAMES BERMAN, CHAPTER 7 TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED ESTATE OF MICHAEL S. GOLDBERG, LLC AND MICHAEL S. GOLDBERG**

**By: */s/ Aaron A. Romney*_____**
**Aaron A. Romney (ct28144)**
**James M. Moriarty (ct21876)**
**Christopher H. Blau (ct30120)**
**ZEISLER & ZEISLER, P.C.**
**10 Middle Street, 15th Floor**
**Bridgeport, Connecticut 06604**
**Tele: (203) 368-4234**
**Fax: (203) 367-9678**
**Email: aromney@zeislaw.com**
**jmoriarty@zeislaw.com**
**cblau@zeislaw.com**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 28, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: *<u>/s/ Aaron A. Romney</u>*
Aaron A. Romney (ct28144)