UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES BERMAN, CHAPTER 7 TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED ESTATE OF MICHAEL S. GOLDBERG, LLC AND MICHAEL S. GOLDBERG<br><br>Plaintiff,<br><br>v.<br><br>SCOTT A. LABONTE, et al.<br><br>Defendants. | Case No. 3:19-cv-01533-JCH<br><br><br><br><br><br>July 13, 2021 |

**JOINT MOTION TO STAY CASE MANAGEMENT ORDER DEADLINES**

Pursuant to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants[]", *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), the plaintiff, James Berman, Trustee, and the defendants, Scott A. LaBonte, Sally A. LaBonte, Roland G. LaBonte, Marilyn P. LaBonte, Joseph W. Sparveri, Jr., CPA, Lawrence J. Marks, Esq., and Juliano & Marks, LLC, each in all capacities sued herein (collectively "Defendants"), through their undersigned counsel, respectfully move for a stay of all existing deadlines contained in the January 7, 2021, Scheduling Order Regarding Case Management Plan ("Scheduling Order") to allow the parties time to consummate the settlement in principle they have reached (the "Settlement"), including reducing the Settlement to writing and seeking Bankruptcy Court approval of the parties' compromise.

As good cause for the relief requested herein, the parties represent that after many months of negotiations they have agreed upon the material terms of a Settlement that will resolve all claims between them, as well as the Trustee's claims and rights against Paul Bourdeau, Esq., who was

previously dismissed from the case. The parties anticipate that the process of finalizing the Settlement will take 60-90 days. Among other things, the Trustee must negotiate and effectuate the terms of a security agreement related to an installment payment arrangement with certain Defendants and seek Bankruptcy Court approval of the Settlement pursuant to Federal Rule of Bankruptcy Procedure 9019.

The present fact discovery deadline is August 31, 2021. The parties desire to avoid incurring the costs of conducting additional litigation, including discovery, while the parties negotiate the Settlement agreement and seek Bankruptcy Court approval of it. The parties do not, however, intend to waive their respective rights to pursue discovery if the Settlement is not consummated. Thus, the parties request that the Court enter an order: i) staying all existing Scheduling Order deadlines, all matters related to the Trustee's June 18, 2021, Prejudgment Remedy Application, and all pleading deadlines; ii) permitting any party to move to terminate the stay at any time by providing notice to the Court that one or more parties no longer intend to consummate the Settlement; and iii) if applicable, (a) allowing the parties 60 days from the date on which the Court enters an order terminating the Stay to complete fact discovery, with expert discovery to begin upon the completion of fact discovery and to proceed in 30-day intervals in a manner consistent with the Scheduling Order's deadlines, and (b) requiring pleadings in response to the Trustee's amended complaint to be filed within 15 days of the entry of an order terminating the stay. Without limitation, the parties respectfully request that the Court continue indefinitely the July 20, 2021, status conference on the Trustee's Prejudgment Remedy Application to a date to-be-determined if the Settlement is not completed.

If the Court enters the relief requested herein, the parties will submit a status report by no later September 17, 2021, or as otherwise ordered by the Court.

WHEREFORE, the parties jointly move for a stay of the existing Scheduling Order deadlines to allow them to Complete the Settlement without incurring further litigation costs.

RESPECTFULLY SUBMITTED

James Berman, Chapter 7 Trustee

By: _/s/ James M. Moriarty_
Aaron A. Romney (ct28144)
James M. Moriarty (ct21876)
Christopher H. Blau (ct30120)
ZEISLER & ZEISLER, P.C.
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Tele: (203) 368-4234
Fax: (203) 368-5485
Email: aromney@zeislaw.com
Jmoriarty@zeislaw.com
cblau@zeislaw.com


Scott A. LaBonte (In all named capacities) and Sally A. LaBonte (In all named capacities)

By: _/s/ James T. Shearin_
James T. Shearin, Esq. (ct01326)
Pullman & Comley LLC
850 Main Street
Bridgeport, CT 06601-7006
Tele: 203-330-2000
Email: jtshearin@pullman.com

	-and-

David M.S. Shaiken, Esq. (ct02297)
Shipman, Shaiken & Schwefel, LLC
433 South Main Street,
Suite 319
West Hartford, CT 06110
Tele: 860-606-1703
Fax: 866-431-3248
Email: david@shipmanlawct.com

Roland G. LaBonte (In all named capacities) and Marilyn P. LaBonte (In all named capacities)

By: __/s/ *Mark H. Dean*_____
Mark H. Dean, Esq. (ct01935)
Mark H. Dean, P.C.
241 Main Street
Suite 501
Hartford, CT 06106
Tele: 860541-6699
Fax: 860-241-7744
Email: mdean@mhdpc.com

Joseph W. Sparveri, Jr. (In all named capacities)

By: _/s/ *Thomas J. Murphy*_____
Thomas J. Murphy, Esq. (ct07959)
James J. Healy, Esq. (ct28447)
Cowdery & Murphy, LLC
280 Trumbull Street
22nd Floor
Hartford, CT 06103
Tele:860-278-5555
Email: tmurphy@cowderymurphy.com
jhealy@cowderymurphy.com

Lawrence J. Marks, Esq, and Juliano & Marks, LLC

By: _/s/ *Anthony Natale*_____
Anthony Natale, Esq. (ct08451)
Natale & Wolinetz
116 Oak Street
Glastonbury, CT 06033
Phone: 860-430-1802
Fax: 860-430-1809
Email: anatale@natalelawfirm.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES BERMAN, CHAPTER 7 TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED ESTATE OF MICHAEL S. GOLDBERG, LLC AND MICHAEL S. GOLDBERG<br><br>Plaintiff,<br><br>v.<br><br>SCOTT A. LABONTE, et al.<br><br>Defendants. | Case No. 3:19-cv-01533-JCH<br><br><br><br><br><br><br><br><br><br><br><br>July 13, 2021 |

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2021, a copy of the foregoing Joint Motion to Stay Case Management Order Deadlines was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: *James M. Moriarty*
James M. Moriarty (ct21876)